WITMAN *et al.*, Defendants in Error, v. FELTON, Plaintiff in Error.

28 601
86a 555

1. An agent has discharged his duty when he pays over to his principal money collected by him as agent; it is no concern of his whether his principal's title thereto is good or bad.
2. Where, in an action by a principal against an agent to recover money alleged to have been collected by him as agent, there is evidence showing that the defendant did collect the money as agent for the plaintiff, this evidence can not be rebutted by showing that the title of the plaintiff to such money is bad as against third persons.

*Error to Cooper Court of Common Pleas.*

The facts are sufficiently set forth in the opinion of the court.

*Adams*, for plaintiff in error.

I. The evidence offered by defendant to show that the money collected belonged to Fisher's estate was surely competent under the issues in the cause. It rebutted the idea

that the money was received under the power of attorney. The defendant denied the reception of the money as agent; he offered to prove that it belonged to a stranger. The reception of the money as agent under the power of attorney was the very issue between the parties. The strongest evidence that the money was not received under the power of attorney was that it belonged to the estate of Fisher, the former husband of the plaintiff, Mrs. Witman. The doctrine that an agent can not deny the title of his principal has nothing to do with this case. The reception of the money as agent is denied. Upon the issue whether the plaintiff's wife was entitled to the money in Prussia, as alleged in the petition, the best evidence was the written document referred to by the witness Epstein. Any other evidence was inadmissible until its nonproduction was legally accounted for. It was the duty of the plaintiffs to produce this writing.

*Douglass & Hayden* and *Draffen*, for defendants in error.

I. The evidence offered by the defendants, for the purpose of showing that the money collected by him in Prussia belonged to the estate of Fisher, was inadmissible in every point of view. The defendant has not the right to controvert the title of plaintiffs to the money he agreed to collect for them. An agent can not controvert the title to property entrusted to him either by asserting title in himself or a stranger. (Story on Ag. § 217; Story on Bailments, § 110, 112.) The defendant is estopped to deny the title of plaintiffs. (Stephen on Plead. 375; 1 Chit. on Plead. 347, 575.) It is admitted by the pleadings that the defendant became the agent of plaintiffs and agreed to attend to their interests in Prussia.

NAPTON, Judge, delivered the opinion of the court.

This was a suit between principal and agent. The latter had collected a sum of money for the former, under a power of attorney, and this action was brought to recover it. The defence was, that the money did not belong to the principal

and this was offered to be shown generally, and also by the production of a paper in possession of the plaintiffs. The proof was excluded by the court and this exclusion presents the only question in the case.

An agent has discharged his duty when he pays over to his principal the money he was authorized to collect. It is of no importance to him whether his principal's title to the money or property be good or bad. That is a matter which concerns third persons, who, if they desire to protect their interests, can easily do so, either before or after the termination of the controversy between the principal and agent. This principle of law is conceded, but it is said that the paper called for in this case, and which it was alleged would show that the money collected by the defendant belonged to third persons, was admissible to show that the money was not really collected under the power of attorney, and was not collected as agent for the plaintiffs. Of course this could be shown, and if there had been any offer to show this, there could be no doubt the evidence should have been admitted. But the mere fact that the money collected belongs to third persons has no tendency to disprove the allegation that it was collected as money of the principal, especially where the only proof previously introduced in the case was positive and unequivocal that the money was collected under the power of attorney and as agent for the plaintiffs. If the simple fact that the money does not really belong to the principal is sufficient to rebut, or entitled to any weight in rebutting the positive proof of agency, then such evidence must be legitimate in all cases of this kind, and in every suit between principal and agent, the latter can go into the question of the ownership of the property or money which he has collected, upon the vague presumption that the money or property was not obtained through the agency, simply because the principal did not have any right to it. Such a course would defeat all the rules of evidence, and practically annul the responsibility of agents.

Judgment affirmed. The other judges concur.