GERMAN-AMERICAN INSURANCE COMPANY OF NEW YORK, Respondent, v. TRIBBLE & PRATT, Appellant.

**Kansas City Court of Appeals, February 4, 1901.**

1. **Insurance**: ISSUE OF POLICY: PREMIUM: DUTY OF AGENT: PRESUMPTION. Where an agent issues a policy, the premium at once becomes due and payable to the agent who should receive it, and the law presumes he performed his duty.

2. ———: COLLECTING PREMIUMS: PLEADING: AIDER BY ANSWER. Where a petition against an insurance agent, to recover premiums for policies issued by him, alleges that he obtained the insurance and issued the policies, it is necessarily implied that he collected the premiums; and the answer in this case is reviewed and held to admit the collection of the premiums and thereby cures the alleged defect in the petition, and the pleadings present no issue as to the delivery of the policies or of the receipt of the premiums therefor.

3. **Trial Practice**: CONCLUSIONS OF FACT: PLEADING: ISSUE: EVIDENCE. Where the court is requested to state its conclusions of fact and law separately under section 695, Revised Statutes 1899, it should make a finding on each issue presented by the pleadings, but where there is no evidence to support an issue either way, the failure to find on such issue is scarcely prejudicial.

Ins. Co. v. Tribble & Pratt.

4. ——: ——: ——: ——. Where there is evidence pro and con on an issue, the court should find thereon.

5. ——: ——: ——: ——. And where the evidence is un-contradicted on a material issue, there should also be a finding.

6. Insurance: AGENT'S COMMISSION: CANCELLED POLICIES: ACCOUNTING. In an accounting between an insurer and his agent, the latter is entitled to credit for the return premium on policies cancelled in the usual course of business, plus his commission on such premiums.

7. ——: CANCELLED POLICIES: ACCOUNTING: EARNED AND UNEARNED PORTION. In such accounting the agent can not excuse himself from paying premiums on policies cancelled to serve his own personal purposes and not at the request of either of the parties thereto, and this applies as well to the unearned portion as to the earned portion, and the non-liability of the company after the cancellation does not change the matter.

8. Trial Practice: CONCLUSIONS OF FACT: DEFINITENESS OF FINDING: ACCOUNT. Where, in an action to recover premiums collected by an insurance agent, the court is requested to state its conclusion of law and fact separately, it should state an account between the parties showing the items allowed and disallowed so that the reviewing court may determine whether the findings of fact were supported by the evidence and whether the conclusions of law were proper.

9. ——: SPECIAL VERDICT: INTERROGATORIES: INSTRUCTION. Where an action at law is tried before the court without a jury, the theory of law pursued by the court as well as its finding of facts may be made apparent by instructions given or refused or by separate conclusions of law or facts; but the court should not pursue both courses and in neither event does any rule of practice require the court to return special findings in response to interrogatories.

10. ——: GENERAL FINDING: INSTRUCTIONS: CONCLUSIONS OF FACT. Where no request for instructions upon conclusions of fact is made, a general finding will be sufficient if the findings of fact be unexceptionable.

Appeal from the Jackson Circuit Court.—*Hon. E. P. Gates,*
*Judge.*

Reversed and remanded.

*Brumback, Jenney & Messmore* for appellants.

(1) It was the duty of the court upon the general request for finding of facts to state its finding upon all the substantive facts in issue. And a general finding that plaintiff was entitled to recover is not enough when objected to at the time by defendants. This action of court was error. Hospital Ass'n v. Williams, 19 Mo. l. c. 612; Nichols v. Carter, 49 Mo. App. 401; Sutter v. Streit, 21 Mo. 157; Allison v. Darton, 24 Mo. 343; Clark v. Railroad, 36 Mo. l. c. 215; Seward v. Rheiner, 2 Kan. App. 95. (2) The special requests for finding of particular facts (or what might be called special interrogatories to the court sitting as a jury) should all have been answered. And if the facts thus asked for are material, it was error to refuse to answer them. Authorities supra; Seward v. Rheiner, 2 Kan. App. 95; Briggs v. Eggan, 17 Kan. 589. (3) The failure to allege collection of premiums sued for, taken in connection with failure of proof on this point as to the six cancelled April policies, and failure of court to find on this point is fatal to the judgment on motion for new trial, and on motion in arrest or at any state of proceedings. Cases cited above. Sandige v. Hill, 76 Mo. App. 540; Ins. Co. v. Young, 111 Mass. 537. (4) As a matter of law, if the finding is silent on any one particular fact, it will be deemed a finding against the party having the burden of proof. Cochran v. Thomas, 131 Mo. l. c. 278. (5) When plaintiff pleads that defendants were entitled to recover 15 per cent commission on policies issued by them, and defendants' answer admits this, and the trial proceeds absolutely without any evidence on this point, it is error for the court to deduct from allowance to defendants' 15 per cent commission upon the amount of the premiums on the policies held by the court to be "properly cancelled." Seward v. Rheiner, 2 Kan. App. 95 (an exactly parallel case); Garfield v. Ins. Co., 38 Atl. Rep. 235; Ins. Commissioner v.

Ins. Co., 44 Atl. Rep. 82. (6) The court erred in not finding conclusions of law definite enough to show its rulings on the points—that is—when it attempted to make its own statement, in the judgment, of its conclusions of law; it must state all its conclusions therein, which were necessary to decide the case, so that the ruling of the court on specific declarations of law, asked, need not be shown by bill of exceptions. Nichols v. Carter, 49 Mo. App. 401; Freeman v. Hemenway, 75 Mo. App. l. c. 621. (7) The finding of facts is fatally defective to support judgment on motion for new trial because it is not full enough or silent on the material points.

*Fyke, Yates, Fyke & Snider* for respondent.

(1) It seems to us that the sole question in this case is whether or not the appellants could discharge their indebtedness to respondent by cancelling policies which they had issued and charging the premiums back to respondent. We contend they had no right so to do, and the court below so found. Assurance Co. v. Hamilton, 69 N. W. Rep. 781; Ins. Co. v. Prince, 52 N. W. Rep. 131; 1 Am. and Eng. Ency. of Law, p. 382; State v. Williamson, 118 Mo. 146; Witman v. Felton, 28 Mo. 601. (2) When they admit having collected the money the burden is on them to prove that they had paid it to plaintiff, or otherwise disposed of it by plaintiff's direction. Young v. Powell, 87 Mo. 128. (3) When defendants determined to no longer represent plaintiff, they cancelled the foregoing policies and placed the insurance in other companies. According to their claim, the cancellation took place April 29 or 30. The risks had therefore attached. If a loss had occurred, plaintiff would undoubtedly have been liable under said policies.

SMITH, P. J.—Action, assumpsit. It is alleged in

substance in the plaintiff's petition that the defendants were appointed by plaintiff as its agent, to solicit insurance, issue policies and collect the premiums thereon and that for their services as such agents they were to receive as compensation fifteen per cent on the amount of the premiums on the policies so issued by them; that in the months of March and April, 1898, defendants, in their capacity as agents, obtained insurance for plaintiff and issued policies, the premiums on which amounted to $1,332.52; that deducting fifteen per cent commissions, or, which is the same thing, $199.87, from the said gross amount of said premiums and there would remain due to plaintiff $1,132.65, which defendants refused to pay, etc.

It is thus seen that said petition does not expressly allege the fact that the defendants *collected or received* the premiums on the several policies issued by them. Where an insurance agent issues to the insured a policy of insurance, the premium thereon *eo instanti* becomes due and payable to the agent, whose duty it is to receive it. 1 Wood on Ins., pp. 77, 78. And the law authorizes the presumption that he performed the duty thus enjoined upon him. Lawson on Presumptions, pp. 99, 100.

In view of this we think that from the allegation of the fact that the defendants issued to various persons policies of insurance in plaintiff company that the further fact is necessarily implied that the defendants collected or received the premiums on such policies. Bliss on Code Pleading, sections 175, 176.

But if this fact be not implied and the petition is defective in not expressly alleging it, then it seems to us that it is aided by the allegations of the defendants' answer. It is true the answer nowhere expressly admits that the defendants collected or received the premiums on the policies issued by them, yet, we think this is necessarily implied from what is therein stated.

If this be so, it cures the defect of the petition. Donaldson v. County, 98 Mo. 163; Garth v. Caldwell, 72 Mo. 622. The answer expressly admits that the defendants were authorized to issue policies and to collect premiums thereon and that for their services as such agents they were to receive a commission of fifteen per cent on all premiums upon policies issued by them, to be deducted from said premiums. It is further alleged therein that all the policies issued by defendants in plaintiff company and mentioned in the plaintiff's petiton—the numbers, dates and amounts thereof with the premiums thereon specified in the exhibit attached to plaintiff's petition—were either returned to plaintiff because not accepted by the insured, or, were cancelled by the insured or by the defendants and taken up by them and delivered to the plaintiff, so that at the time of the commencement of the action they—the defendants —did not owe plaintiff anything whatever on account of the premiums on such policies.

When defendants issued to the insured a policy the premium became due, and it was the duty of the former to receive it, which duty it may be presumed they performed. So that when the defendants in their answer allege that they wrote all of said policies and that, with the exception of those not accepted by the insured, they were afterwards cancelled by them, it must be implied from this that they collected the premiums but returned to the insurers the unearned part thereof when the cancellation took place. The allegation of the answer, already referred to, to the effect that at the time of the commencement of the action the defendants did not owe plaintiff anything on account of the premiums on said policies, is a confession that they did owe them said premiums at some time prior to the time said policies were cancelled and taken up by them. And this interpretation, we think, finds support in a further allegation of the answer which is, in substance, that on June 10, 1898, a balance of the account between plaintiff

and defendants was struck and which showed a certain balance due plaintiff by defendants, and that the amount thereof was paid by defendants to and accepted by plaintiff in full satisfaction of the claims of the plaintiff against the defendants, etc.

From the various allegations of the defendants' answer we think the admission that the defendants received the premiums on the policies issued by them to the various insurers accepting the same is necessarily implied. We therefore conclude that if the petition be defective that the defect is cured by the allegations of the answer. We think the defendants by their answer admit that they received the premiums on all of the policies issued by them, except those not accepted by the insured. According to our understanding of the pleadings, there is no issue made therein either as to the delivery of the policies which were accepted by the insured or as to the receipt of the premiums on such policies. We think that the term "insured" as used in the pleadings to refer to policies which were accepted by the insurers, must be understood to mean delivered, being used as to these policies in a double sense. The defendants throughout the trial contended that the delivery of all the policies and the receipt by the defendants of the premiums thereon were controverted issues in the case, but this contention we can not uphold. No such issues were made by the pleadings.

At the conclusion of all the evidence adduced at the trial the defendants requested the court to state in writing its conclusions of fact found separately from its conclusions of law. R. S., sec. 695. The answer alleged and the reply denied that a part of the policies written by the defendants in plaintiff company were never accepted by the insured, and for that reason the defendants were not liable to the plaintiff for the premiums on such policies. It is true the particular policies to which this defense related are not specified in the answer, but no objection was taken thereto by motion to make more specific. This objection seems to have been waived by the plaintiff at the

trial.   It was admitted by the defendants at the trial that in the month of April, 1898, they wrote certain policies mentioned in plaintiff's petition numbered 8162, 8161, 8163, 8165, 8170 and 8152, but they denied that they ever delivered said policies to the insured.   Whether the defendants delivered the said six April policies to the insured was a constitutive issue in the case to which the attention of the court was directed. Turning to the conclusions of fact found by the court and we do not there discover that it made any finding whatever on this issue.   This was in plain disregard of the requirements of the statute, sec. 695, *ante.*   Cochran v. Thomas, 131 Mo. loc. cit. 278; Nichols v. Carter, 49 Mo. App. 401.   But by a reference to the bill of exceptions it will be seen that this issue, though raised by the pleadings, was not made in the evidence.   The defendants themselves testified in effect that they returned the premiums received in each of said six April policies and then cancelled them.   From this testimony the inference is inevitable that they had delivered the said policies.   There was no testimony offered which tended to prove that the said April policies were not delivered to the insured.   The issue was therefore not contested at the trial and the conclusions of fact found by the court are not therefore subject to attack for not embracing therein the issue as to the delivery of the said policies.   As the defense which the defendants made by the tender of this issue was supported by no evidence it is difficult to see how they were prejudiced by the failure of the court to make a finding thereon.

Whether or not the cancellation and return by defendants of all the policies issued by them, excepting those that were either not accepted or those cancelled at the instance of the insured, was approved and ratified by the plaintiff, was a distinct issue made by the pleadings.   It does not appear from the conclusions of fact that this issue was found the one way or the other by the court.   There was evidence adduced which tended

to support both the affirmative and negative of it. The defendants were entitled to a finding thereon by the court.

The defendants question the sufficiency of the conclusion of fact found by the court on the further ground that since they insisted at the trial that policy number 167, mentioned in plaintiff's petition, was written by them but not taken by the insured and on which they received no premium, and since such insistence was supported by the uncontradicted evidence the court should have made a finding in respect thereto. This was certainly a material fact on which the defendants were entitled to a finding. It is impossible to tell from the court's finding whether the defendants were charged or credited with this item. This should be made to appear somewhere on the face of the finding of the court.

It appears from the court's findings that during the month of April, 1898, the defendants issued policies which were cancelled in the usual course of business and on which the premiums amounted to $170.25. It further appears therefrom that the court did not allow the defendants a credit of fifteen per cent commission on the premiums so received, but charged them with the whole amount thereof. The contract between the plaintiff and defendants, as alleged in the plaintiff's petition and admitted by the defendants' answer was that the defendants were to receive as compensation for their services as agents of plaintiff, fifteen per cent on all policies issued by them. Under the terms of the contract of the defendants' employment the court should have not only given the defendants credit for the amount of said premiums, but also the additional sum of fifteen per cent thereon, and its failure in this regard was error.

The further finding of the court was that certain policies issued by the defendants and on which the premiums were received were cancelled by them, not at the request of plaintiff or in its interests, or at the request of the insured, but to serve

Ins. Co. v. Tribble & Pratt.

their own personal purposes, was in excess of their authority as agents of plaintiff in making such cancellations. The court in its conclusions of law declared that the defendants were liable to plaintiff for the premiums on said policies less fifteen per cent commission. The defendants complain that this conclusion is an erroneous expression of the law. When the defendants wrote and delivered the policies and received the premiums they became liable to the plaintiff for the amount thereof less the commission. If they retained the same in their hands they could only excuse themselves from their liability to pay over the same to plaintiff less the fifteen per cent commission by showing that such policies had been cancelled at the request of the insured, or that of the plaintiff or in its interest. The defendants ought not to be excused from paying over to the plaintiff the amount of such premiums because some part thereof was unearned at the time of the wrongful cancellation. The plaintiff was entitled to receive the same and defendants could not by such act of disloyalty deprive the plaintiff of its right thereto. As to the defendants, the plaintiff was as much entitled to receive the unearned as the earned part of the premiums. They can not be allowed to excuse themselves from liability on the ground that if the policies had been permitted to run until they expired by their own limitation that there might have been a loss thereon. We can not discover that this would excuse them from liability. The law will not permit them to discharge their indebtedness to the plaintiff in this manner. Ins. Co. v. Hamilton, 69 N. W. Rep. (Neb.) 781; Ins. Co. v. Prince, 52 N. W. Rep. (Minn.) 131. It was defendants' duty to pay over the premiums to plaintiff which they had received to its use, and as to whether the plaintiff's title thereto was good or bad, absolute or subject to be defeated by the happening of one or more possible contingencies was not a matter of concern to them. Witman v. Felton, 28 Mo. 601. We can not therefore yield our assent to the defendants'

contention that the plaintiff's recovery should be limited to the amount of the earned premium on the policies which were wrongfully cancelled by them.

It is the defendants' further insistence that the statement by the court of its conclusions of fact is so obscure and unspecific that it is impossible to determine from an examination thereof on which of the policies mentioned in the plaintiff's petition they were charged with the amount of the premiums thereon, or on which they were given credit or on which they were allowed or denied the fifteen per cent commission provided in their contract of employment. The court in the statement of its conclusions should have stated an account between the parties and thus obviated the objection made by the defendants. It should have stated (1) which of said policies, if any, were cancelled at the request of the insured; (2) which, if any, by the direction of plaintiff or in its interest, and (3) which on defendants' own motion and to serve their own personal purposes; (4) which, if any, though written were not delivered or accepted by the assured and on which no premiums were collected. In this connection, it is proper to say that it stands admitted by the answer of the defendants that all of said policies were cancelled while they were in the employment of the plaintiff as its agents. If such statement of an account between the parties had been made, we could then have been able to determine whether or not the findings were supported by any evidence and whether the conclusions of law were proper. Much complaint is made of the action of the court in refusing to return special verdicts in response to certain written interrogations submitted to it by the defendants. In addition to defendants' request to return the special verdicts just referred to, with a view of excepting to the decision of the court upon questions of law arising in the case, they requested it to state in writing the conclusions of facts found separately from the conclusions of law. They also requested it sitting as a jury to give certain declarations of law on the issues in the

case, some of which were given and some were refused. The court, as has already been stated, made a finding of its conclusions of fact and law. The special issues submitted to the court on which verdicts were sought would have been well enough under the Act of March 31, 1885 (Sess. Acts, 1885, p. 214) now repealed had the case been tried to a jury, but not so under section 695, Revised Statutes, 1899, where it is tried by the court without a jury. In the trial of actions at law by the court without a jury in order that the theory of law upon which the case is tried may be made apparent as well as how the court found the facts, the court may either give or refuse instructions the same as when trying the case before a jury, or pursue the course pointed out by section 695, Revised Statutes 1899. Kostuba v. Miller, 137 Mo. 161; Suddarth v. Robertson, 118 Mo. 286. But the court ought not to pursue both courses as here. Cochran v. Thomas, 131 Mo. 258. But whether the one course or the other is pursued we are not aware of any rule of practice in this state requiring the court to return special findings or verdicts in response to interrogations. We can find no fault with the action of the court in refusing to accede to this request of defendants.

The defendants did not request the court to declare the law upon its conclusions of fact as they might have done if they had so desired. None such were requested by either party. The general finding for the plaintiff if the finding of facts had been unexceptionable would have been sufficient. Cochran v. Thomas, *ante*. These remarks are made in view of the further trial of the case. If the court will on such trial pursue one or the other of the courses just indicated, the case will be greatly simplified.

No serious objection is seen to the action of the court in giving or refusing of the declarations of law. It results that for reasons hereinbefore stated, the judgment must be reversed and cause remanded with leave to parties to amend their pleadings if they so desire. All concur.