AMY M. MOSSBERGER, Respondent, v. WILLIAM A. MOSSBERGER, Appellant.

St. Louis Court of Appeals. Opinion Filed November 4, 1919.

1. **APPELLATE PRACTICE: Appeal Bonds: Maintenance: Failure to Give Additional Appeal Bond: Appeal Not Dismissed.** In an ac-action by a wife for separate maintenance, under the provisions of section 8295, Revised Statutes 1909, the appeal being from an order allowing the wife maintenance *pendente lite* and suit money, the appeal will not be dismissed because of failure of the appellant to comply with an order of the appeal court requiring an additional appeal bond.

2. **PLEADING: Petition: Construction: Sufficiency After Judgment.** Even though a petition fails to allege a fact or facts essential to plaintiff's right of recovery, if by a fair construction of the allegations of the petition such fact or facts not directly alleged, may be inferred from the averments made, or by reasonable implication and intendment appear from the facts alleged, then the petition should be upheld after judgment.

3. **HUSBAND AND WIFE: Maintenance: Abandonment: Pleading: Sufficiency of Petition.** In an action by a wife for separate maintenance, the allegations in the petition reviewed and *held* suf-

. ficient to constitute an abandonment of plaintiff by defendant without good cause within the meaning and intendment of section 8295, Revised Statutes 1909.

REYNOLDS, P. J., dissents, being of the opinion that the petition is fatally defective.

4. **NOTARIES PUBLIC:** Attorney Acting as Notary: Affidavits. In an action by a wife for separate maintenance, the petition is not void because the attorney of plaintiff took her acknowledgment to the petition as a notary public while acting as her. attorney.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Vital W. Garesche,* Judge.

AFFIRMED.

*Thomas Morris* for appellant.

*C. J. Anderson* for respondent.

ALLEN, J.—This is an action by a wife against her husband for separate maintenance, under the provisions of section 8295, Revised Statutes 1909; and the appeal before us is one by the defendant from an order allowing the plaintiff maintenance *pendente lite* and suit money. The case is here upon the record proper only, no bill of exceptions having been filed.

At the outset we shall dispose of a motion, filed by respondent, to dismiss the appeal because of the failure of appellant to comply with an order made by this court at our last term, on motion of respondent, requiring the appellant to file an additional appeal bond. As to this we may say, in passing, that we have some doubt as to whether we acted within our authority, as an appellate court, in making the order mentioned. It is wholly unnecessary, however, to here discuss that question, since it is quite obvious that we are without power to dismiss appellant's appeal because of his failure to comply with such order. Had appellant filed no bond at all he would nevertheless have been entitled to prosecute his appeal in this court, and consequently, irrespective of the amount of the bond, he is entitled

to have this court pass upon the questions properly presented by the appeal. In any event, we could do no more than make an order vacating the *supersedeas* because of appellant's failure to comply with the order in question. The motion to dismiss must consequently be overruled.

It is argued for appellant that plaintiff's petition wholly fails to state a cause of action for maintenance and that consequently the trial court was without authority or jurisdiction to make the order appealed from.

The Statute, section 8295, Revised Statutes 1909, provides that "when the husband, without good cause, shall abandon his wife and refuse or neglect to maintain and provide for her, the circuit court, on her petition for that purpose, shall order and adjudge such support and maintenance to be provided," etc. The petition herein, strange to say, does not follow the plain language of the statute and in terms allege an abandonment without good cause, nor indeed, does it directly allege an abandonment at all. The pertinent allegations of the petition are as follows:

"Plaintiff states that on or about the 7th day of February 1911 in the City of St. Louis in the State of Missouri, she was lawfully married to the defendant; that thereupon the defendant brought this plaintiff to the home of defendant's mother, where said plaintiff and defendant continued to live together for a period of about five (5) days; that thereupon said defendant ordered this plaintiff to leave the home of said defendant and defendant's mother; that thereafter for a period of about one year said defendant lived with this plaintiff at the home of the plaintiff's mother at various intervals of one, two or three days each; that ever since the marriage aforesaid plaintiff has discharged all her duties as the wife of said defendant and at all times treated him with kindness and affection; but the said defendant, wholly disregarding his duties as a husband of this plaintiff, has at all times since the marriage aforesaid failed and refused to contribute

18—Mo. App.

to the support of plaintiff, and has at all times since the marriage aforesaid refused to make any provision for a home for this plaintiff, and has at all times since the marriage aforesaid refused to live with this plaintiff except as hereinabove stated.''

It is true that if the petition wholly fails to allege, in any manner, a fact or facts essential to plaintiff's right of recovery, the defect is fatal, even after judgment, and advantage may now be taken of the error, arising, as it does, upon the face of the record proper. However, it is well settled law in this jurisdiction that if by a fair construction of the allegations of the petition such fact or facts, not directly alleged, may be inferred from the averments made, or by reasonable implication and intendent appear from the facts alleged, then the petition should be upheld after judgment. In Munchow v. Munchow, 86 Mo. App. 553, 70 S. W. 386, in an action of this character, the plaintiff alleged an abandonment but failed to allege, in direct terms, that such abandonment was without good cause. The petition averred, however, that the plaintiff had faithfully demeaned herself as the wife of defendant and at all times treated him with kindness and affection; that the defendant, wholly disregarding his duty as her husband, ''willfully and maliciously abandoned her,'' and thereafter refused to maintain and provide for her. This court, in an opinion by GOODE, J., held that from the facts alleged the inference was unavoidable that the alleged abandonment was without good cause. And upon the authority of the Munchow case, the Kansas City Court of Appeals made a like ruling in Ciulter v. Coulter, 161 S. W. 281.

In the case before us the petition is further lacking in direct averments than was that in either of the two cases referred to above, since it does not directly allege an abandonment. However, when the allegations thereof are considered as a whole, we think that facts are alleged which, if true, are such as to constitute in law an abandonment of plaintiff by defendant, and that

from other facts alleged it is to be readily inferred that such abandonment was without good cause.

It is alleged, in substance, that plaintiff and defendant were married on February 7, 1911; that defendant took plaintiff to the home of his mother where they lived for a period of about five days, whereupon defendant ordered plaintiff to leave this home; that plaintiff then went to her mother's home, and that defendant there lived with her "at intervals of one, two or three days each," for a period of about one year; and that with the exception of the periods stated defendant refused to live with plaintiff. This action was instituted on September 1, 1916, and consequently the above-mentioned allegations are to the effect that for a period of more than four years prior to the commencement of this action defendant had refused to live with plaintiff; and if it be true, as alleged, that plaintiff "has discharged all her duties as the wife of said defendant and at all times treated him with kindness and affection," it is to be inferred that defendant's refusal to live with her was without just cause (Munchow v. Munchow, supra), constituting an abandonment of plaintiff without good cause, within the meaning and intendment of section 8295, supra. And the allegations, as to defendant's failure and refusal to contribute anything to plaintiff's support or to provide a home for her, are sufficient averments in this regard.

There is no merit in the contention that "the petition is void because the attorney of plaintiff took her acknowledgment to the petition as a notary public while acting as her attorney, the attorney acting in a dual capacity." [See State ex rel. Taubman v. Davis, 199 Mo. App. 439, l. c. 447, 203 S. W. 654.]

We consequently rule that the petition is sufficient to support the judgment from which the appeal is prosecuted. And since this is the only question before us, the judgment below is affirmed. *Becker, J.,* concurs. *Reynolds, P. J.,* dissents, being of the opinion that the petition is fatally defective.