# W. P. CURRELL, Respondent, v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, December 1, 1902.

1. **Pleading: CONTRACT: BREACH: PETITION.** A petition set out in the opinion is held as pleading a breach of an unpleaded contract and, therefore, not to justify the introduction of any evidence, since a contract must be pleaded *in haec verba* or according to its legal effect with a proper assignment of the breaches relied on.

2. ———: **AIDER BY ANSWER: ACTION.** The defective allegations of a petition may be supplied by those of the answer so that when read together a cause of action is stated.

3. ———: ———: **REPLY: ISSUE.** A petition pleaded the failure to furnish cars to ship cattle at one o'clock in the morning. The answer set up a contract to ship plaintiff's cattle that day and to deliver them in Chicago on the next day, and averred plaintiff's refusal to ship. The reply admitted the contract as set out in the answer. *Held*, if the answer supplied the defects of the petition as to the provisions of the contract, then the issue was on the contract in the answer and not on the alleged breach of another and different contract referred to in the petition, and plaintiff could not recover for the breach alleged in his petition.

4. ———: ———: ———: ———: **EVIDENCE: INSTRUCTIONS.** On an examination of the evidence, *held*, there was no proper evidence sustaining a breach of the contract averred in the petition, and instructions. authorizing a recovery were improper and could not be referred to the contract set up in the answer, since on that contract it was immaterial when the cattle should be shipped, the material part being their delivery in Chicago at the agreed time.

5. ———: ———: ———: ———: ———: ———. On the evidence it is *held* that defendant sustained the averment in its answer that it was ready and willing to ship plaintiff's cattle on the day mentioned and that issue was submitted to the jury by one of defendant's instructions showing that the case was not tried on the theory of the answer aiding the petition.

6. **Trial Practice: PLEADING: DEFENDANT'S INSTRUCTION: ESTOPPEL.** The fact that a defendant may submit and ask instructions on the theory on which the court tries the case will not estop him from insisting that the case was tried on a false theory where on the very threshold of the trial he denies plaintiff's right of recovery, since the defendant can not abandon his case because the ruling of the court is against him, but is forced to fight the battle on the ground selected by the court and his adversary.

7. Pleading: AIDER BY ANSWER: PETITION (per Smith, P. J., *dissenting*). The allegations of the answer aided the defective petition and accomplish all that could have been done by an amended petition and defendant's answer admitted the existence of the contract and set forth its provisions, and thereby supplied the omissions of the petition.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes*, Judge.

Reversed.

*William Henry, John Cross* and *C. A. Mosman* for appellant.

(1) The defendant's objection to any evidence under the petition should have been sustained. (2) The defendant's demurrer should have been sustained. The evidence for plaintiff failed to establish a promise or agreement on defendant's part to have the cars at the station at one o'clock in the morning. The language detailed in evidence was not an undertaking to have the cars there at one o'clock a. m. Johnson v. McCune, 21 Mo. 211; s. c. 27 Mo. 181; Land Co. v. Pitt, 114 Mo. 135; Land Co. v. Hanna, 126 Mo. 5. (3) There was no evidence tending to support the allegation that when the cars arrived it was too late to get to Chicago in time for the market. (4) Again, the rule of law is, that a party to a contract, who has prevented the opposite party from performing his part of the contract, can not sue upon it. Plaintiff could not demand a guaranty that the cattle would arrive in Chicago by a certain hour, and when defendant declined to give it, abandon the contract, drive his cattle home, and sue the defendant for the damages occasioned by such driving. His act created the damage for which he sued. Spurlock v. Railroad, 93 Mo. 530; Berch v. Sander, 37 Mo. 104; Doyle v. Turpin, 57 Mo. App. 84. (5) The time the cars were to arrive at the station was not of the essence of the contract. Heating Co. v. Bennett, 41 Mo. App. 420. (6) Even if it be held that the de-

fendant had expressly contracted to have the cars at the station at one o'clock and that the defendant failed to keep its agreement, still that was no justification for his abandoning the contract. At most, in law, it only entitled him to compensation for any damages resulting directly to him from the violation of the contract by defendant. Wherever "the substance of the contract can be executed, it will stand, and the remedy is in the way of compensation." Harl v. Handlin, 43 Mo. (171) 175; Manfg. Co. v. McCord, 65 Mo. App. 509 and 510.

*F. B. Ellis* for respondent.

(1) In this case the main dispute is as to what the contract was. Where there is no dispute as to the terms of an oral contract, and it admits of but one interpretation, then its construction is for the court, but where its terms are controverted, as in this case, it is then a question of fact to be determined by the jury. Davis v. Baldwin, 66 Mo. App. 577; Halbert v. Halbert, 21 Mo. 284; Farley v. Pettis, 5 Mo. App. 265. (2) The appellant next contends that there was a variance between the allegation of the petition and proof in this: that the cause of action was bottomed upon the failure of the defendant to furnish cars in time to ship the cattle to the market, when the proof shows that there was ample time to load and ship the cattle and have them upon the market for which they were being shipped. Even if this is the case, there was evidence to go to the jury that there was not time, and the appellant had this question submitted to the jury by proper instructions, and it can not now complain. The question now contended for by appellant was submitted to the jury in an instruction which told the jury that if the defendant had the cars in readiness in time to ship the cattle so that they could have been sold upon the market for which they were being shipped, then they were to find for the defendant. While we think from the evidence the instruction is erroneous, the defendant

can not complain. If it was error they invited it, and they can not now take advantage of their own wrong. (3) He was told by defendant when he should have them at the depot. He had them there at that time. It appears that time was the essence of this contract. If plaintiff could not get the cars in time to make a certain market, he would not need them at all. There are cases where time may be the essence of a contract. Railroad v. Levy, 17 Mo. App. l. c. 501; Melton v. Smith, 65 Mo. 315. (4) Where a railroad company contracts to furnish cars at a certain time and for a special shipment and it fails to furnish the cars in accordance with such contract the company is liable for damages for a breach of such contract. Baker v. Railroad, 91 Mo. 552; Gown v. Railroad, 72 Mo. App. 34; Aull v. Railroad, 66 Mo. App. 388; Harrison v. Railroad, 74 Mo. 365; Leonard v. Railroad, 62 Mo. App. 252.

BROADDUS, J.—As a proper determination of this cause turns upon a construction, to some extent, of the pleading of the parties, it becomes necessary to incorporate certain parts of the petition in this opinion. The petition alleges: "That on the eleventh day of September, 1900, in consideration of the promises then and there made by the plaintiff, he would drive to the defendant's station at Lathrop, Missouri, and have there on the thirteenth day of September, 1900, ready for shipment and to be shipped over defendant's railroad, seven thirty-six-foot cars, cattle sufficient to fill said cars in readiness to receive and transport plaintiff's said cattle, as aforesaid, all of which defendant's agents and servants then and there well knew, said cattle were to be sold upon the markets of Chicago, Friday morning, the fourteenth day of September thereof; that plaintiff relying on said undertaking and agreement, drove his said cattle to said station on said thirteenth day of September at said station, ready for shipment and to be shipped on said defendant's railroad to Chicago, Illinois, cattle sufficient to fill said cars. Plaintiff further states that the defendant, disregarding its

said undertaking and agreement, failed to provide and furnish or have in readiness at said station on said thirteenth day of September any cars to receive and transport plaintiff's cattle as aforesaid, and did not furnish said cars at the hours that it was understood and agreed to have his said cattle in readiness, at one o'clock a. m., on the thirteenth day of September aforesaid, and did not provide or furnish said cars until 4:30 a. m. of said day, too late for plaintiff's cattle to be transported and sold on the market for which they were being shipped, and of which defendant then and there well knew.''

The petition further proceeds to allege that by reason of the failure of defendant to provide cars in time for shipment for the Chicago market of September 14, they were not shipped by him but returned to his farm, and that by reason of all which their value was depreciated on account of shrinkage to his damage in the sum of five hundred dollars.

The defendant's answer, after a general denial of the allegations of the petition, among other things alleges, that the contract of the defendant was to provide at said station of Lathrop a sufficient number of cars, to receive and transport the plaintiff's cattle to the Chicago market, that said cars were to be furnished by it on the thirteenth day of September in time for said cattle to reach said market on the fourteenth day of said month, and that said cars were so furnished by it at said station to receive and ship said cattle, on said day in time for shipment to said market for said fourteenth day of said month, but that plaintiff failed and refused to ship his cattle as he had agreed by the terms of his contract to do.

On the trial the plaintiff for recovery relied upon the fact of the failure of the defendant to have its cars on hand in readiness for loading and shipment at one o'clock, September 13. The defendant objected to the introduction of any evidence under the petition in the case, for the reason, that it did not state a cause

Vol 97 app—7.

of action. The objection was overruled and defendant duly excepted to the action of the court in overruling its objection.

It will be seen by an examination of the petition, which is very loosely drawn, that it does not allege the existence of any contract between himself and the defendant for the shipment of his cattle to Chicago, but at most, it can only be construed as pleading a breach of an unpleaded contract. It is a familiar rule of pleading, that in actions to recover damages for the breach of a contract, a contract must be set out *in haec verba* or according to its legal effect, with a proper assignment of the breaches relied on. Langford v. Sanger, 40 Mo. 161; Peck v. Bridwell, 6 Mo. App. 451. It follows, therefore, that the introduction of any evidence under said petition was inadmissible by reason of its fatal defects, unless such defects were cured by the defendant's answer. The answer does set out that there had been a contract entered into between the parties, for the shipment of the plaintiff's cattle from said station of Lathrop to Chicago, the substance of which, we have seen, was that the defendant agreed to have the necessary cars for their reception and shipment at the station on September 13, in time for their transportation to Chicago for Friday's market, September 14, but that defendant failed and refused to ship his cattle.

It is also a rule of pleading that the defective allegations of a petition may be supplied by those of the answer, so that when read together, a cause of action is stated. Insurance Co. v. Tribble, 86 Mo. App. 546. The plaintiff in reply to defendant's answer admitted the contract as set out therein. If, then, the answer of the defendant is to be treated as supplying the defects of plaintiff's petition as to the averment of a contract between the parties, then the issue on trial was on said contract and not on the alleged breach of another and different one. But as the plaintiff was seeking to recover for the breach of an unpleaded contract, for failure of the defendant to accept and ship his cattle at one o'clock September 13, and not for failure

to accept and ship them on said day in time for their arrival at Chicago for the market of Friday, September 14, he was not entitled to recover for the alleged breach, for the issue, if any, was on a breach of the contract as set out in said answer.

But we are of the opinion that there is a marked difference between the two contracts, and that the alleged breach of contract is not to be referred to and made applicable to the one pleaded by defendant. The case was tried upon the theory, as all the plaintiff's instructions show, that he must recover, if at all, upon the allegations of his petition, and not upon the contract set out in defendant's answer. The defendant objected to all said plaintiff's instructions, and they should not have been given, for there was no evidence, when properly considered, to show that the defendant had agreed to accept and ship the cattle at any specified hour on September 13. All that was proved was that defendant had agreed to provide cars sufficient for the purpose and have them on hand at the station on September 13, in time for the loading and transportation of plaintiff's cattle so that they would reach Chicago on the market of Friday, September 14. The statement of defendant's agent at the time the contract for shipment was made, for the plaintiff to have his cattle at the station so that loading on the cars could begin at one o'clock a. m., in order to get them to Chicago at the desired time, was merely a precaution upon the part of the agent to enable the defendant to carry out the terms of delivery at the point of destination. Whether plaintiff got his cattle to the station at one o'clock or four o'clock a. m., on the day named, was immaterial, if the defendant offered to accept and ship them, for under its contract it was bound to have them at their destination by the designated time, or answer in damages to the plaintiff, if any, caused by delay.

The defendant sought to show on the trial, and we think successfully, that on September 13 it was ready and willing to receive and ship plaintiff's cattle, in time for their arrival at Chicago for Friday's market. In

fact, the court at the instance of defendant instructed the jury in an instruction on this theory of the case. Thus we see that the case was not tried upon the theory that the defendant's answer aided or supplied the defects of the plaintiff's petition, but that the petition set up one contract, and the answer another and different contract.

The defendant submitted and obtained instruction as to the supposed issue raised by the plaintiff's petition, and the question arises, is it now estopped from saying that the case was tried upon an issue not raised by the pleadings? We think not, under the rule announced in a well-written opinion of Judge GANTT in Cochran v. Railroad, 113 Mo. 359, to-wit: "It must be remembered that a defendant occupies a different attitude from his adversary, the plaintiff. The plaintiff brings the action. If the ruling is adverse, he may take a nonsuit. Not so with the defendant; he is in court without his consent. The court may make any number of rulings that he may deem erroneous, but he can not abandon the case; he is in court and must remain till the cause is finished. He has the right to tender as many defenses as he has. If the court erroneously deny him one, he must avail himself as best he can of those remaining. He, however, advises the court and his adversary of his claim, and if he submits, as he is bound to do, to the rulings of the court, and tries his case in accordance with the judgment of the trial court, on what principle is he estopped from complaining of the action of the trial court and his adversary in forcing him to fight the battle upon the ground selected by them? We see no element of estoppel in such a case."

Tested by this rule, we do not think the defendant is estopped from urging here that the court tried the case upon a false theory, for on the very threshold of the trial it denied the right of the plaintiff to recover, because he had alleged no cause of action, but this objection was overruled and the defendant was thereby compelled to accept the false issue tendered.

The evidence in the case shows conclusively that defendant was prepared to receive and ship the plaintiff's cattle on the thirteenth day of September in time for their arrival at Chicago for the Friday's market following, according to schedule time, but that plaintiff refused to ship them unless defendant's agent would guarantee their arrival at said market on said day. The agent refused to do so, and the plaintiff returned them to his farm. As has been said, it could make no difference with plaintiff whether defendant received and shipped the animals at one o'clock or later, provided they arrived in Chicago in time for Friday's market. The essential element of time was not as to any particular hour of the day of the thirteenth of September, when the cattle should be started on their journey, but it was essential only that they should arrive in Chicago in time for Friday's market. Had plaintiff, therefore, properly brought before the court the issue he was attempting to raise, he was not entitled to recover, for the reason stated, that the starting time from Lathrop to market was not essential, but the time of arrival alone was. If the plaintiff was not entitled to recover upon his own petition, he was certainly precluded from recovering under the defendant's answer, for all the evidence plainly showed that the defendant was prepared, at the time it offered to receive and ship the cattle, to have within its scheduled time, transported them to Chicago for Friday's market. The agreement pleaded by the defendant and the alleged breach of the one by the plaintiff were both in the nature of covenants that the cattle would, at the time agreed upon, be delivered. If the plaintiff had permitted the defendant to receive and ship his cattle at the time defendant offered to do so, according to the usual custom, they would have arrived at their destination for Friday's market. Had they not so arrived, the plaintiff would have had his remedy on the contract, for damages caused thereby. The evidence showed in the most conclusive manner, that the defendant was prevented

from compliance with his contract by the act of the plaintiff.

The conclusion is reached upon a review of the whole case, that the plaintiff, as a matter of law, was not entitled to recover on his petition, and under the law and proof, was not entitled to recover under the contract set out in the defendant's answer.

Cause reversed.

### DISSENTING OPINION.

SMITH, P. J.—After this cause was first argued and submitted I wrote an opinion as that of the court affirming the judgment, but as my associates became dissatisfied with it the foregoing opinion was written by one and concurred in by the other, in which a conclusion is reached at variance with that expressed by me and to which latter I feel constrained to still adhere.

I must think that this opinion of the majority results from a misconception and misapplication of the rule of express aider—a rule of pleading, both under the code and common law, which is to the effect that an omission to state a material fact may be supplied by the pleading of the other party (Bliss on Code Plead., section 437; McQuillan on Pld., section 470) as, for example, where the allegations of an answer aids a defective petition it accomplishes all that could be done by an amended petition. Stivers v. Horne, 62 Mo. 473; Mohney v. Reed, 40 Mo. App. 99; Allen v. Chouteau, 102 Mo. 309. As illustrative of this rule, the following are some of the cases that may be referred to: Bank v. Pettit, 85 Mo. App. 1. c. 503; Ins. Co. v. Tribble, 86 Mo. App. 546; Donaldson v. Butler County, 98 Mo. 163; Hughes v. Carson, 90 Mo. 399; Henry v. Sneed, 99 Mo. 407; Garth v. Caldwell, 72 Mo. 622; Kercheval v. King, 44 Mo. 401.

The petition in the present case alleged the existence of a contract and a breach thereof, but omitted to allege its provisions. The answer admitted the exist-

ence of the contract and set forth·its provisions and thereby supplied the omissions of the petition. The replication admitted the allegations of the answer as to the provisions of the contract. The legal effect of this, under the operation of the rule of express aider. was not different than if the plaintiff had amended his petition, incorporating therein the omitted allegations.

The answer denied the breach of the contract so pleaded and thus raised the only issue of fact. in the case. That issue was submitted to the jury under proper instructions, and its verdict thereon, in my opinion, ought not to be disturbed.