ABSHER, Appellant, v. FRANKLIN, Respondent.

St. Louis Court of Appeals, November 27, 1906.

1. PRACTICE: Instructions: Issues Supported by Evidence. It is not error to refuse instructions upon issues concerning which no evidence has been introduced.

2. ————: Opening and Closing. In an action of replevin for property sold by the agent of the plaintiff, where the issue was whether the agent had authority to sell the same to the defendant and the original ownership of the plaintiff was undisputed, the burden was on the defendant to sustain the issue of authority and defendant's attorney had the right to open and close the argument.

3. ————: Justice of the Peace: Trial in Circuit Court. In the trial of a replevin suit in the circuit court on appeal from a justice of the peace, the verdict and judgment of the circuit court is not required to be in conformity with the statute controlling such proceedings before the justice of the peace, sections 3920, 3921, Revised Statutes of 1899, but they should conform to the statutes governing such actions in the circuit court.

4. ————: Error in Appellant's Favor. An appellant cannot be heard to complain of errors committed in his own favor or by which he is not prejudiced.

Appeal from Wright Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*F. M. Mansfield* for appellant.

The court erred in not permitting plaintiff to open and close the argument to the jury. In our statutory action of replevin the burden of proof is always on the plaintiff, in the first instance to show that he was at the time of the commencement of his suit entitled to the possession of the property, which entitles him to open and close the argument, and it was a reversible error to deny him this right. Porter v. Jones, 52 Mo. 403; Bates v. Forcht, 89 Mo. 121; Quarry Co. v. Lyons Con. Co., 72 Mo. App. 530; Mfg. Co. v. Mfg. Co., 42 Mo. App. 307.

*S. A. Davis* for respondent.

The court can permit defendant to open and close the argument to the jury when it devolves upon defendant to prove the negative without abusing his discretionary powers. A judgment will not be reversed on account of the refusal of the court to permit plaintiff to open and close, unless it appears that he has been manifestly injured thereby. Tiban v. Tiban, 22 Mo. 77; Colt v. Beaumont, 32 Mo. 111; Richards v. Ins. Co., 31 Mo. 518; Farrell v. Brennan, 32 Mo. 328; McClintock v. Curd, 32 Mo. 411.

STATEMENT.—The action is replevin for a steer. The facts in proof developed that the plaintiff, who owned a farm in Wright county, in the early part of the year 1902, removed therefrom with his family to the State of Washington and there remained for about eighteen months. Upon removing from his farm, he left the same and a number of cattle thereon in the possession of his wife's brother, one Barnes, who resided on the farm. The steer in controversy was born after plaintiff's removal to Washington and is an offspring of one of his cows. During plaintiff's absence, the defendant purchased the steer calf from Barnes, in good faith, in whose possession it was, and paid an adequate price therefor. Plaintiff's wife separated from him in Washington and returned to Wright county. Thereafter plaintiff returned also and set up a claim to the steer which the defendant had purchased from Barnes to the effect that Barnes had no authority to sell the same to the defendant, etc. The defendant declined to surrender the same to the plaintiff and this action was instituted before a justice of the peace to recover possession thereof. It found its way into the circuit court where, on a trial before a jury, a finding was had for the defendant and the plaintiff appeals.

On the trial in the circuit court, the facts stated were made to appear, and it was not disputed, that the steer in controversy was originally the property of the plaintiff. In defense of his title and right of possession to the steer, defendant asserted his purchase of the same from Barnes and that Barnes had the right and authority to sell the same to him. To support the proposition, plaintiff's wife testified that her husband, the plaintiff, could neither read nor write; that she had done his writing and correspondence for him since their marriage many years before; that while in the State of Washington, her husband directed her to write a letter to her brother Barnes, instructing him to sell the steer or purchase it himself, if he so desired, and as he, the plaintiff, was not going to be at home, for Barnes to remit the proceeds of the sale to her at Washington; that Barnes did sell the steer and remitted the proceeds of such sale, $12.00 to her as directed.

Mr. Barnes testified that he received the letter mentioned from the plaintiff in which he was authorized to either sell the steer or purchase it himself and remit to the plaintiff's wife the proceeds thereof; that in accordance with this letter of authority and instruction, he purchased the steer himself and remitted the amount therefor as directed, and simultaneously therewith, he sold the steer to the defendant for $12.00 and that the defendant paid him therefor.

The defendant testified that he purchased the steer from Barnes as Barnes' steer and that Barnes sold it to him as his steer. Barnes testified to the same effect.

Plaintiff strenuously denies that he had at any time instructed his wife to write the letter mentioned or that he had, in any manner, authorized Barnes to sell or purchase the animal, etc.

The jury found the issues for the defendant. Plaintiff appeals.

NORTONI, J. (after stating the facts).—The court instructed the jury for the plaintiff, in substance, first, that if the jury believed from the evidence plaintiff was the owner and entitled to the possession of the steer at the time of the institution of the suit, they should find the issues for him. Second, that if the jury believed from all the facts and circumstances in evidence Barnes sold the steer without the knowledge or consent of the plaintiff, and converted the proceeds thereof to his own use, then the defendant was not an innocent purchaser and they should find the issues for the plaintiff.

The court instructed for the defendant in substance, first that if the plaintiff, through his wife, authorized Barnes to sell the steer and that Barnes did accordingly sell the same to the defendant, Franklin, for $12.00, and remitted the same as directed, then Franklin acquired title by such purchase and that it was immaterial whether the remittance was before or after the sale. Second, that if the jury believed from the evidence that the plaintiff, through letters, written with his authority by his wife to Barnes, agreed to sell the steer to Barnes for $12.00 and Barnes accepted the proposition and remitted the $12.00 therefor as directed, and afterwards sold the steer to Franklin, then Franklin acquired title thereby and the finding should be for the defendant. Third, the usual instruction on credibility of witnesses, etc. Fourth, that if the jury believed from the evidence that the plaintff, through his wife, sold the steer to Barnes, that Barnes purchased the same and paid therefor as directed, the finding should be for defendant. Fifth, that if the jury believed from the evidence that plaintiff, through his wife, authorized Barnes to sell the steer, and that Barnes did so sell the steer to Franklin and receive pay therefor, it was in such case immaterial whether the plaintiff, Smith Absher, received the purchase price therefor or not, and the finding should be for the defendant. Sixth, that if the jury believe from

the evidence that plaintiff, through his wife, authorized Barnes to sell the steer, and further believe that the plaintiff gave no directions as to whom said steer should be sold, that it was immaterial who purchased the same, if Barnes had authority to sell it.

From the facts in the record, it is obvious that the only issue in the case was whether or not Barnes had authority from plaintiff to purchase or sell the steer in controversy, and the instructions given submitted that issue fairly to the jury, and the jury, by their verdict, found that plaintiff did authorize his wife to write Barnes to either purchase or sell the steer, and that Barnes did so do, and that therefore defendant Franklin having purchased either from Barnes as owner or as the authorized agent of plaintiff, succeeded to plaintiff's title. The instructions fully and fairly covered the only issue in the case.

Plaintiff requested and the court refused his instruction number three, as follows:

"The court instructs the jury that if they believe from the evidence that Wesley Barnes agreed to warrant the title to said property and to indemnify the defendant against any and all loss that he might suffer by reason of having purchased of the said Barnes the property in question, then the defendant cannot claim to be an innocent purchaser of said property and you will find the issues for the plaintiff."

Complaint is made here that the court erred in so doing. We are not persuaded to this view. There was no evidence in this record to the effect that "Barnes agreed to warrant the title to such property and to indemnify defendant against any and all loss which he might suffer" by reason of the purchase of the same. Nor are there facts in proof from which a reasonable inference to that effect can be deduced, and the court therefore properly

refused the instruction as not being relevant or predicated upon the evidence in the case.

The plaintiff argues that instructions five and six, on behalf of the defendant, ignored the evidence that Barnes sold the steer and converted the proceeds to his own use, etc. Now there is no word of evidence to that effect in the record, nor are there facts from which a reasonable inference to that effect can arise, and the criticism must therefore be held to be unfounded. The evidence is conclusive by Barnes that he remitted the $12 for the steer to the plaintiff's wife as directed and the plaintiff's wife testified that she received the $12 so remitted at the time, and therefore there could have been no conversion of the proceeds by him. Defendant's instruction numbered five complained of, told the jury that if Barnes had the authority from the plaintiff to sell the steer, as he claims, and did, to the defendant, and received pay therefor, then it was immaterial whether the plaintiff, Smith Absher, received pay from Barnes or not. This is certainly true as a proposition of law, for if Barnes, the agent, had authority from the plaintiff, the principal, to sell and did sell the steer within the scope of that authority, and the purchaser paid the agent the price, such sale conveyed the title of his principal to the purchaser, and the fact that Absher, the plaintiff, did not receive the moneys from his agent, could in no manner affect the title or right of this defendant who was the purchaser. To hold otherwise would be in conflict with the fundamental principles of the law of agency and tend to overthrow the doctrine that the principal is bound by the contract of his agent entered into within the scope of his authority. The assignments against the giving and refusing of instructions are all overruled.

2. The court, over the objection and exception of plaintiff, directed that defendant's counsel open and close the argument to the jury, on which action error is assigned. Now, the well-settled rule is that the party

holding the affirmative of the issue and on whom the burden of proof rests, shall be entitled to open and close the arguments thereon.    [Porter v. Jones, 52 Mo. 399-403; Bates v. Forcht, 89 Mo. 121-128; Grant Quarry Co. v. Lyon Const. Co., 72 Mo. App. 530; Henry Gaus & Sons Mfg. Co. v. McGee L. & LaB. Mfg. Co., 42 Mo. App. 307-311.]    In this case the fact that the plaintiff originally owned the steer in controversy was not controverted and he relied exclusively upon such ownership to support his right to immediate possession thereof, which is the true issue in replevin, always.  The one controverted and issuable fact in the case was whether or not the plaintiff had authorized Barnes to buy, or as his agent, to sell the property, etc.    This issue the defendant affirmed and the plaintiff denied.    The defendant, thus holding the affirmative of the only issue in the case, the burden to establish the same to the reasonable satisfaction of the jury by the proof rested upon him also and in view of the rule stated, the learned trial judge did not err in awarding defendant's counsel the opening and closing arguments.

3.    The jury returned the following verdict: "We, the jury, find the issues for the defendant and find the value of the property to be $15.00."    Upon this verdict, the court entered judgment as follows:    "It is therefore considered, ordered and adjudged by the court that the defendant have and recover of the plaintiff the sum of $15.00 and costs of this suit expended, and that execution issue therefor."    Plaintiff complains here that the verdict and judgment are not in accord with the statute controlling in cases of this nature and therefore the same should be set aside.    Although the suit originated before a justice of the peace, it is now well settled that the verdict and judgment in the circuit court are not required to be in conformity with the statutes, sections 3920-3921, R. S. 1899, controlling such proceedings in the court of the justice of the peace, inasmuch as it is provided in sec-

tion 4080, R. S. 1899: "The trial in the appellate court (circuit court) shall be governed by the practice in such court, except when by agreement of parties, the case may be tried by a jury of six men." And the rule is well established by the decisions of both this court and the Kansas City Court of Appeals to the effect that in actions of replevin on appeal from the court of a justice of the peace, the verdict and judgment should be controlled by and conform to the statutes governing such actions in the circuit court. [Clarkson v. Jenkins, 48 Mo. App. (St. L.) 221; Stroud v. Morton, 70 Mo. App. (K. C.) 647.] The plaintiff is this case executed the required bond in such actions and the property was placed in his possession by the constable at the institution of the suit, therefore the verdict and judgment in the circuit court for defendant should have conformed to sections 4473 and 4474, R. S. 1899, and it was the duty of the jury, under section 4473, supra, in its finding for defendant, to not only "assess the value of the property taken," as it did, but also to "assess . . . the damages for taking and detaining the same for the time such property was taken or detained from defendant until the date of the trial of the cause," and under section 4474, supra, it was the duty of the court to enter judgment on such verdict "against plaintiff and his sureties that he return the property taken or pay the value so assessed at the election of the defendant and also pay the damages for taking and detention of the property and the costs of suit." Now the verdict of the jury did assess the value of the property at $15.00. The only complaint with respect to the verdict is that it did not assess damages against the plaintiff for the taking and detention of the same during the interim after suit was instituted. We are unable to appreciate how the plaintiff could complain because the jury did not award damages against him and require him to compensate the defendant therefor. If there was error in this, and there no doubt was, it was in favor

of the plaintiff and he will not be heard to complain thereat.

The error in the judgment is that it does not include the sureties on his bond as well as plaintiff and contain an order directing him to return the property or pay the assessed value and also pay damages for the taking and detention thereof. The plaintiff is certainly in no position to complain on account of any one of these omissions. He was not prejudiced by the failure of the court to enter judgment against his sureties in the delivery bond nor by the fact that it failed to order him to return the property or pay its assessed valuation at the election of defendant, nor is he prejudiced by the failure of the court to adjudge him to pay damages for the taking and detention. Inasmuch as these errors are prejudicial to defendant only and therefore the plaintiff will not be heard to complain, the assignment will be overruled. [Clarkson v. Jenkins, 48 Mo. App. 221; Stroud v. Morton, 70 Mo. App. 647.] The defendant does not appeal, nor complain of the errors against him.

The judgment will be affirmed. It is so ordered. *Bland, P. J.*, and *Goode, J.*, concur.