JAMES A. GIBSON, Administrator, etc., Respondent, v. WILLIAM SWOFFORD, Appellant.

**Kansas City Court of Appeals, December 3, 1906.**

1. **REPLEVIN: Burden of Proof: Shifting.** Ordinarily the burden of proof is on the plaintiff but in replevin where it is substantially admitted that the property had originally belonged to plaintiff's intestate it devolves upon the defendant to show that he bought it.

2. ———: **Verdict: Form.** An objection to a verdict because it was not in favor of the plaintiff but of his predecessor in the suit is held unsubstantial.

3. ———: ———: **Passion: Evidence: Appellate Practice.** A review of the record results in finding that there was evidence on which to base the verdict and the same being approved by the trial court must stand, and it is further held that the evidence supports the finding of the value of the property.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

*William E. Sherwood* for appellant.

(1) In a replevin suit there must be some evidence sufficiently recent as will enable a jury to reasonably and fairly arrive at the value of the property sued for at the time of the trial or the verdict will not be allowed to stand. Archer v. Schaffer, 25 Mo. App. 1. (2) In this case the only evidence of title to support the verdict was that deceased once in his lifetime owned this property. The suit seems to have been a proceeding to examine the defendant's memory and conscience as to the whereabouts and title of the property sued for and at the same time exclude him as a witness because the "other party" was dead. (3) The record almost says that this verdict falls within that class of verdicts the courts will not permit to stand. It is unnecessary to cite the many authorities in our reports to show that verdicts which are the result of bias and prejudice will be set aside. The only question is does this case fall within that salutary principle of the law.

*Luke H. Moss* for respondent.

(1) Della Malone gave a list of the articles and their values, as best she could after being deprived of seeing them by this defendant since June, 1901; if her testimony, under the circumstances of this case, must be rejected and this defendant allowed to profit by his own cruel wrong, then indeed are our lives fallen in hard places. Defendant relied from the start on having purchased this property from his son for $60 and tried to prove it by his son, Ben Swofford. (2) He admits the title was in his dead son in January, 1902, and the law presumes it so continued till his death, unless defendant can show he got that title; the burden of showing this latter fact by way of defense was properly placed on defendant because of the affirmative defense asserted by appellant.

ELLISON, J.—The plaintiff is public administrator of the estate of W. C. Swofford, deceased, and the defendant is the father of the deceased. The son was married to Della E. Swofford and she was appointed administratrix of his estate and, as such, brought this action in replevin for a lot of personal property. She married and then the present plaintiff was substituted in her stead as plaintiff. The jury found for the plaintiff and assessed the value of the property at the time of the trial at $100 and likewise assessed the damages at $10.

There was no substantial dispute as to defendant's having the property and that originally it belonged to his son. He, however, claimed to have purchased a part of it of the son prior to his death. Ordinarily, the burden of proof is on the plaintiff, but on issue as here presented it devolved upon the defendant to show that he bought the property of his son. Instructions on this head were proper.

Defendant claims that there is no proper verdict in the case, in that it is not returned in favor of the plaintiff Gibson, but is in favor of the former plaintiff, Della Swofford. The verdict is headed with a formal entitling of the cause, as

"Della Swofford, Administratrix, plaintiff, v. William Swofford, defendant."

It then proceeds to state that, "We, the jury, find that plaintiff was entitled to the possession," etc. As already stated, Della Swofford was the original plaintiff and an order of record was entered substituting James Gibson, in her stead. We regard the objection as unsubstantial.

The defendant complains that the verdict was the result of prejudice or passion, as it had no evidence upon which it could be reasonably founded. We have gone over the record and find that in view of the rule that every reasonable inference, which may be based on the evidence, must be allowed in favor of the prevailing

party, the verdict, after being approved by the trial court, must be allowed to stand in the appellate court.

We find too that there was sufficient evidence upon which to base the allowance of value of the property in the circumstances shown.

What we have already said disposes of some objections made to instructions. As an entirety, we regard them as not subject to criticism. This litigation, so far as amount involved is concerned, does not justify carrying it further, since it has been already sharply contested for considerable time and, there being no error substantially affecting the merits, the statute commands that the judgment be affirmed, and we so order. All concur.