G. B. DORRELL, Administrator, Respondent, v. BENJAMIN F. SPARKS, Executor, Appellant.

Springfield Court of Appeals, April 4, 1910.

1. **PRACTICE: Burden of Proof: Opening and Closing Argument.** In a suit for conversion of notes, the answer pleaded a gift of the notes and the burden of proof was cast on the defendant under the pleadings. *Held*, that the defendant should have had the opening and closing in the argument before the jury, and where the case is a close one and plaintiff gets a verdict signed by only nine jurymen, and plaintiff fails to show that the error of the court in refusing defendant's counsel permission to make the closing argument was harmless, the error will be held to have resulted in substantial injury to defendant, justifying a reversal and remanding of the case.

2. ————: ————: **Burden of Evidence.** The burden of proof means the burden of establishing the case, and remains unchangeable throughout the entire case exactly where the pleadings originally placed it; that is, on him alone who has the affirmative, though the burden of evidence may, during the trial, be shifted from scale to scale.

3. **CIRCUIT COURT: Jurisdiction: Executors and Administrators: Voluntary Appearance.** The defendant in a suit for conversion died. No amended petition was filed but the executor of the deceased defendant appeared in the cause and filed an answer, setting up the death of defendant and his appointment as executor. *Held*, that as the action was *in personam* and the court had jurisdiction over the subject-matter, the appearance of the executor and the filing of his answer gave the court jurisdiction over his person and, where the parties appear and go to trial, it is too late to raise the question of jurisdiction in the appellate court.

4. **APPELLATE PRACTICE: Pleading.** On appeal, the court is not confined to the allegations of the petition alone to determine whether or not it is sufficient to support the judgment, but the court may look to the answer as well.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

REVERSED AND REMANDED.

*George Pepperdine* and *H. E. Howell* for appellant.

(1) The burden of proof is always determined from the pleadings alone and never shifts. The burden of evidence often shifts. Feurt, Ex., v. Ambrose, 34 Mo. App. 360; McCartney v. Ins. Co., 45 Mo. App. 373; Bunker v. Hibler, 49 Mo. App. 542; Livery Co. v. McKelvey, 55 Mo. App. 240; Newell v. Iron Co., 5 Mo. App. 260; St. Louis v. Arnot, 94 Mo. 275. (2) Plaintiff assumed the burden of proof on the trial by introducing his evidence first and he is bound by the theory he adopted at the trial. Sawyer v. Walker, 204 Mo. 133; Wolfe v. Supreme Lodge, 160 Mo. 685. (3) If the court did not err in placing the burden of proof on the defendant, then it erred in refusing counsel for defendant the right to open and close the argument to the jury. Bank v. Metcalf, 29 Mo. App. 396.

*G. A. Watson* and *G. W. Goad* for respondent.

(1) The burden of proof was on defendant to show the gift as alleged in her answer. Brown v. Brown, 90 Mo. 184; Bower v. Bower, 97 Mo. 674; Jones v. Falls, 101 Mo. App. 536; Reed v. Carroll, 82 Mo. App. 102; Greisel v. Jones, 123 Mo. App. 45; Buckel v. Smith, Admr., 82 S. W. 235; 14 A. & E. Enc. of Law, 1051, 1033; 20 Enc. of Law, 1219; Glassey v. Furnace Co., 120 Mo. App. 24. (2) It was not error to refuse to defendant the opening and closing argument to the jury. The order of argument is a matter to be regulated by the trial court. Corbitt v. Mooney, 84 Mo. App. 645; State v. Waltham, 48 Mo. 55; Meridith v. Wilkerson, 31 Mo. App. 1; Elder v. Oliver, 30 Mo. App. 575; Harvey v. Sullens, 56 Mo. 373; Reichard v. Insurance Co., 31 Mo. 518; Farwell v. Brennan, 32 Mo. 333; Tibeau v. Tibeau, 22 Mo. 77; Wade v. Scott, 7 Mo. 509; 1 Thompson on Trial, 213.

GRAY, J.—November 17, 1908, the plaintiff filed in the office of the circuit clerk of Greene county, Missouri, his petition in this cause, to which the defendant in due time answered. On the 15th day of October, 1909, the cause was tried to a jury and a verdict in favor of the plaintiff, signed by nine of the jurors, returned. Judgment was entered upon this verdict, and the plaintiff, after an unsuccessful effort to obtain a new trial, appealed his cause to this court.

The action was commenced by the administrator of the estate of H. M. Simcox, deceased, against Lulu Howell, who was formerly Lulu Simcox, the widow of the deceased, H. M. Simcox. The petition alleged the death of Simcox, the appointment by the probate court of plaintiff as administrator of his estate after the said Lulu Howell had been appointed and resigned, and then charged that the said H. M. Simcox, at the time of his death, was the owner of and possessed of promissory notes, aggregating, together with interest, $2106.68; that after the death of the said H. M. Simcox the said notes came into the possession of the said Lulu Howell, and that she wrongfully converted the same to her own use, and prayed judgment for the value of the notes and interest.

The answer named as defendant, Benjamin F. Sparks, executor of the estate of Lulu Simcox Howell, deceased, and alleged that the defendant was the executor of the estate of Lulu Simcox Howell, deceased, duly appointed by the probate court of Greene county, after her death, which occurred on the 5th day of March, 1909; also admitted the death of Simcox; that the said Lulu Simcox Howell was formerly the wife of said H. M. Simcox; that she was duly appointed his executrix, and that she resigned, and that the plaintiff was appointed administrator of the estate, and that at the time the answer was filed, he was the legally acting administrator of said estate; admitted that Simcox at one time was the owner and possessed of the notes described

in the petition, but denied that upon the death of the said H. M. Simcox, or at any other time, said notes became the property of his estate, and denied that at the time alleged in the petition, or any other time, the decedent, Lulu Simcox Howell, converted said promissory notes to her own use, and declared the fact to be that during the lifetime and prior to the——day of January, 1907, the said promissory notes were the property of said H. M. Simcox; that on or about the 15th day of January, 1907, the said H. M. Simcox gave said notes to the said Lulu Simcox Howell, and delivered to her the possession of the same, whereby they became her sole and separate property and continued to be such at all times thereafter.

The parties have filed a stipulation in this court, which we are to consider in lieu of the evidence, by which it is shown that the plaintiff introduced testimony to prove the facts alleged in the petition, and the defendant introduced testimony to prove the defense set up in the answer. The defendant prayed the court to give an instruction declaring to the jury that the burden of proving conversion of the notes rested upon the plaintiff in the case. This instruction was refused and one given in behalf of the plaintiff that the burden was on the defendant to show that her husband gave her the notes, and to find for the plaintiff unless she had established the gift by a preponderance or greater weight of the evidence. The defendant requested the court to permit his counsel to open and close the argument to the jury, which the court refused.

There are four assignments of error, and they are: That the court erred in refusing the instruction asked by the defendant, and giving the one asked by the plaintiff; refusing the defendant's counsel to open and close the argument; and in overruling defendant's motion in arrest of judgment, because the petition does not state facts sufficient to constitute a cause of action against the defendant as executor or individual.

As to the sufficiency of the petition, it is true when standing alone, it does not authorize a judgment against the defendant as executor or as an individual. The petition named Lulu Howell as the defendant, and no amended petition was filed after her death, but the defendant answered as the executor of her estate, and the parties appeared and went to trial without objection.

The appearance of the executor and the filing of his answer, gave the court jurisdiction over his person. This is an action *in personam,* and as the court had jurisdiction over the subject-matter and the parties appeared and went to trial without objection, it is too late to raise the question in this court. On appeal the court is not confined to the allegations of the petition alone to determine whether it is sufficient to support the judgment, but the court may look to the answer as well. [Shelton v. Franklin, 123 S. W. 1084; Bank v. Pettit, 85 Mo. App. 499; Currell v. Railroad, 97 Mo. App. 93, 71 S. W. 113.]

The burden of proof means the burden of establishing the case, and remains unchangeable throughout the entire case exactly where the pleadings originally placed it; that is, on him alone who has the affirmative, though the burden of the evidence may, during the trial, be shifted from scale to scale. [McCartney v. Ins. Co., 45 Mo. App. 373; Feurt v. Ambrose, 34 Mo. App. 360.]

In this case the petition alleged that the notes were the property of the estate of H. M. Simcox. The defendant admitted all the formal parts of the petition and admitted that H. M. Simcox at one time was the owner of the notes, but that at a certain time he gave the notes to his wife, and delivered the possession of the same to her. Under this answer, there was but one disputed fact, and that was: Did the husband give the notes to his wife? If he did not, the plaintiff was entitled to recover; and if he did, he was not.

It seems to us that this case is on "all fours" with Gibson, Admr., v. Swofford, 122 Mo. App. 126, 97 S. W. 1007. That suit was in replevin by the administrator of the estate of W. C. Swofford, deceased, and the defendant was the father of the deceased. After the death of the son, his wife was appointed administratrix of his estate, and brought the suit in replevin. She married and Gibson was substituted plaintiff in her stead. It was admitted that at one time the property belonged to the son, but defendant claimed to have purchased a part of it from his son prior to his death. The court said, in speaking of the burden of proof: "Ordinarily, the burden of proof is on the plaintiff, but on issue as here presented it devolved upon the defendant to show that he bought the property of his son. Instructions on this head were proper."

The same ruling was made in a replevin suit wherein the issues were the same as here. [Absher v. Franklin, 121 Mo. App. 29, 97 S. W. 1002.]

One of the decisions above cited is by the Kansas City Court of Appeals, and the other by the St. Louis Court of Appeals. We are of the opinion that the law is correctly declared in those opinions. and that the court did not err in telling the jury that the burden of proof was upon the defendant to establish the gift of the notes.

There being but one issue in the case, as we have just stated, and this issue being sharply drawn, the burden of proof being upon the defendant, his counsel was entitled to open and close the argument to the jury. [Grant Quarry Co. v. Lyons Const. Co., 72 Mo. App. 531; Absher v. Franklin, 121 Mo. App. 29, 97 S. W. 1002.]

Counsel for the respondent claims that the right to award the opening and closing argument is within the discretion of the court, and not grounds for reversal of the judgment. This is the general rule with the

addition that the court will not reverse the judgment unless it is apparent that such refusal has produced a wrong to the party. [Reichard v. Ins. Co., 31 Mo. l. c. 520.]

The agreed statement of facts herein admit that both the plaintiff and the defendant introduced testimony tending to prove the respective issues. The verdict of the jury was not unanimous, but the plaintiff only succeeded in getting just sufficient members to return a verdict. A practicing lawyer of any experience recognizes the great value of the closing argument in a close case. And in a case like this one, where the court has told the jury that the burden of proving the only contested issue in the case is upon the defendant, and then has awarded the closing argument to the plaintiff's counsel, and a verdict is secured by the plaintiff by only nine of the jurors concurring therein, it seems that the burden of showing that defendant was not injured by the action of the court in refusing him permission to close the argument, should be upon the plaintiff.

The premises being considered, we are of the opinion that the court, in refusing defendant's counsel the right to open and close the argument, committed substantial error against the appellant, and for which he is entitled to have a new trial, and accordingly the judgment will be reversed and the cause remanded. All concur.