BY THE

### ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1912.

---

BANK OF BUFFALO, Respondent, v. CLARENCE
H. REAGAN et al., Appellants.

**Springfield Court of Appeals, May 6, 1912.**

1. **BILLS AND NOTES: Signing as Principal: Written Contract: Evidence.** Where defendant signed a note which read, "One day after date for value received, we, each of us as principal, promise to pay," etc., it was proper for the trial court to reject all testimony offered by him tending to show that he signed the note as surety.

2. **PRACTICE: Burden of Proof: Opening and Closing Argument: Harmless Error.** In an action on a promissory note defendants contended that certain payments had been made which should have been applied on the note. This theory was covered by an instruction and the court further instructed the jury that the burden of proof of payment was on the defendant, but permitted plaintiff's attorney to open and close the argument. The verdict of the jury was unanimously in favor of the plaintiff. The record failed to show that any injury resulted to

163 App.]                    (529)
163 App.—34

the defendant in awarding the opening and closing to the plaintiff. · *Held,* that the error of the court in refusing defendant's counsel the right to open and close was not sufficient to justify a reversal of the judgment.

3. ———: ———: ———: **Discretion of Trial Court.** The right to open and close the argument to the jury in a civil case rests generally in the sound discretion of the court trying the cause and an error committed in that regard will not be sufficient to reverse the case unless it is plainly made to appear that injury has resulted therefrom.

Appeal from Dallas Circuit Court.—*Hon. C. H. Skinker,* Judge.

AFFIRMED.

*John S. Haymes* for appellant.

(1) Gammon's testimony that he signed the note sued on at the request of plaintiff and merely as surety was erroneously excluded. Coats v. Swindle, 55 Mo. 31. (2) When a man by his words or conduct knowingly causes another to believe in the existence of a certain state of things, and induces him to act upon that belief, so as to injuriously alter his previous position, the former will be concluded from averring as against the latter a different state of things as existing at the time. Garnhart v. Finney, 40 Mo. 462; Bunce v. Beck, 46 Mo. 333; Spence v. Renfro, 179 Mo. 421; Wetmore v. Crouch, 150 Mo. 683; Cadematori v. Gauger, 160 Mo. 352. (3) While the court permitted appellant to offer testimony showing the agreement made by plaintiff's cashier with him, it struck out the clearest and most direct part of such testimony. Appellant was clearly entitled to that and all the other testimony showing a contemporaneous independent agreement as to what payments should be made by Reagan, and where they should be applied. Such evidence did not vary the note. Roe v. Bank, 167 Mo. 427. (4) Under the pleadings, the evidence and the

instruction of the court appellant held the laboring oar and was entitled to open and close the argument 'to the jury. Porter v. Jones, 52 Mo. 403; Bank v. Metcalf, 29 Mo. App. 396.

*Levi Engle* and *O. H. Scott* for respondent.

(1) Defendant contends that the court erred in excluding evidence offered by him to show that he signed the note as surety and not as principal. This evidence was properly excluded; for whatever parol agreement was entered into defendant waived its terms when he signed the note as principal. McMillen v. Parkell, 64 Mo. 286; Bank v. Terry, 67 Mo. App. 12; Wood v. Maltey, 83 Mo. App. 97; Bank v. Wells, 98 Mo. App. 580. (2) The evidence offered by the defendant was also objectionable for the reason that it varied the terms of a plain, unambiguous written contract, a promissory note, which cannot be done except where there is fraud or mistake; and there was neither fraud or mistake alleged or proven in this case. Beers v. Wolf, 116 Mo. 183; Bank v. Reichart, 101 Mo. App. 242. And as the note was payable one day after date it was error to admit evidence of a contemporaneous agreement to pay by installments. Barton v. Wilkins, 1 Mo. 74; Lane v. Price, 5 Mo. 101. (3) We cannot agree with appellant that he was entitled to open and close the argument; for plaintiff alleged that the defendant "as principal" signed the note, which allegation was denied by appellant, he alleging that he signed the note as surety. This issue cast the burden of proof upon the plaintiff to show that defendant did sign the note as principal. Plaintiff assumed this burden and introduced evidence—the note—to sustain its allegation. Oexner v. Loeher, 133 Mo. App. 214. But even if defendant was entitled to open and close the argument, this will not warrant a reversal, for the order of the trial is in the discretion of the trial court.

Tibeau v. Tibeau, 20 Mo. 77; Torrell's Admr. v. Brennan, 32 Mo. 328.

GRAY, J.—The suit is founded upon a promissory note, executed by the appellant and Clarence H. Reagan. The petition alleges: "The defendants, each as principal, by their promissory note, promised for value received, to pay plaintiff the sum of two hundred and seventy-five dollars ($275) one day after date thereof," etc. The defendant, Reagan, made default, but appellant answered, denying the allegations of the petition, and alleging that he signed the note as surety; that at the time it was executed and as an inducement for him to sign the same, plaintiff agreed that all payments made by Reagan to plaintiff would be applied on the note in suit; that defendant executed said note relying on said agreement; that Reagan subsequently made payments amounting to $165, and that appellant had paid all the balance of said note, including interest. The reply was a general denial.

The case was tried before a jury, resulting in a unanimous verdict in favor of the plaintiff for the amount sued for. The defendant, Gammon, appealed.

The appellant attempted to prove that he signed the note as surety, but his testimony was rejected, and the action of the court in rejecting the same is assigned as error. The note reads: "One day after date, for value received, we each as principal promise to pay," etc. The appellant having agreed in his written obligation to be bound as principal, the court did not err in rejecting the testimony. [McMillan v. Parkell, 64 Mo. 286.]

The court did permit the appellant to offer testimony tending to prove that at the time he signed the note, the plaintiff agreed that certain payments which were to be made by the defendant, Reagan, should be applied on the note. The evidence disclosed that Mr. D. M. Rush represented the bank in the transaction;

that the defendant, Reagan, is appellant's son-in-law,
and desired to purchase a business in which Mr. Rush
was personally interested. The contract was made and
notes of fifteen dollars each, payable monthly, were
given as a part of the purchase price. Reagan sub-
sequently paid the fifteen dollar notes as they became
due until he had paid the sum of $165. As he paid
each note, it was delivered to him, and he testified that
while the agreement was that payments were to be
applied on the note signed by appellant, yet he knew
that none were being applied, and that the payments
he made were being applied to take up his monthly
installment notes. Mr. Rush denied making any agree-
ment to apply these fifteen dollar payments on the
note signed by the appellant.

In behalf of the plaintiff the court instructed the
jury that the only defense was payment, and that the
burden of proof of payment was on the defendants,
and unless the defendants had proven payment by pre-
ponderance of the evidence, the finding should be for
the plaintiff.

In behalf of the appellant the court gave an in-
struction fairly submitting the question whether the
bank agreed to credit all payments made by Reagan
on the note in suit, and in our judgment the issues
were fairly submitted.

Over the objection and exception of the appellant,
plaintiff's attorneys were permitted to open and close
the argument to the jury, and this action of the court
is also assigned as error. In the recent case of Dor-
rell v. Sparks, 142 Mo. App. 460, 127 S. W. 103, this
question was before this court, and we reversed and
remanded the judgment because the court refused to
permit the defendant's counsel to open and close the
argument. We further said, however, in that case:
"Counsel for the respondent claims that the right to
award the opening and closing argument is within the
discretion of the court, and not grounds for reversal

of the judgment. This is the general rule with the addition that the court will not reverse the judgment unless it is apparent that such refusal produced a wrong to the party."

In the Dorrell case the verdict of the jury was not unanimous—the plaintiff only succeeded in getting sufficient members to return a verdict. We held that in as much as the case was a close one and the verdict secured by nine jurors only, it seemed to us that the burden of showing that defendant was not injured by the action of the court was upon the plaintiff.

In Reichard v. Manhattan Life Ins. Co., 31 Mo. 518, it is expressly held that as a general rule, the party holding the affirmative of the issues has the right to open and conclude the argument; but such practice being within the discretion of the court, the refusal to give the defendant the concluding argument will be no cause for reversal.

In Coombs Com. Co. v. Block, 130 Mo. 668, 32 S. W. 1139, it was assigned as error that the trial court allowed the plaintiff to open and close the case. In passing on the assignment, the court said: "That is a matter in which the trial judge enjoys a large discretion. This court will not reverse his ruling therein, unless some manifest abuse of that discretion is shown."

In Elder v. Oliver, 30 Mo. App. 575, it is said: "The errors assigned are: I. Refusing the opening and closing of the argument to the defendant. This error is not well assigned. Contrary to the rule which obtains in most jurisdictions, the rule in this state is, that 'the right to open and close generally rests very much in the sound discretion of the court trying the cause, and an error committed in that regard will not be sufficient to reverse a case, unless it is plainly made to appear that injury has resulted therefrom.' There is nothing in this record tending to show that any injury resulted to the defendant from the ruling of

the court in awarding the opening and closing to the plaintiff.''

The verdict was unanimous, and when we consider the relation of the defendants to each other, and the fact that the defendant Reagan knew that he had an installment note coming due each month at the bank, and that he also knew that his payments were being made in accordance with the terms of those notes, and for the purpose of taking up the same, we do not feel justified in reversing the judgment on account of the error of the court in refusing the appellant's counsel the right to open and close the argument.

The appellant complains of that part of plaintiff's instruction in which the jurors were told that payment was the only defense. It is claimed that the instruction was misleading and misstated the issue. It is true the defense, strictly speaking, was not payment, but rather, that certain payments had been made which should have been applied on the note. In the defendants' instruction, however, this question was fairly submitted and the jury plainly told that if such an agreement was made and the defendant Reagan made payments, then they were payments on the note and the appellant was entitled to have them so applied. When the instructions are read together, the jury could not have been misled.

The other assignments of error have been considered, but we see no reason for disturbing the judgment, and it will be affirmed. All concur.