# E. C. ROBINSON LUMBER CO. v. A. C. and CARRIE LANSDELL.

### Springfield Court of Appeals, June 26, 1923.

1. **EVIDENCE: Held Admissible.** In an action by a lumber company for a balance due on material furnished defendants to construct a house, wherein defendants counterclaimed for damages for defective and inferior quality of the material furnished, evidence of the condition of other houses in the same locality as defendants' house should be confined to those constructed within the same period and of the same character of material.

2. **TRIAL: Denying Defendants' Right to Open and Close Held Error.** In an action by a lumber company for a balance due for materials furnished, wherein defendants counterclaimed for damages because of defective material and inferior quality, where defendants after all evidence was in admitted plaintiff's claim and the case proceeded on the issue of damages only, *held*, that the trial court erred in denying to defendants the right to open and close the argument.

3. **APPELLATE PRACTICE: Trial Court's Ruling Upheld on Appeal in Absence of Abuse of Discretion.** Though a litigant having the affirmative side is entitled to the opening and closing argument, yet where the trial court has denied that right the judgment will not be reversed unless the appelate court feels that the discretion vested in the trial court was abused, and that the party denied the closing of the case has suffered by such denial.

Appeal from the Circuit Court of Dunklin County.— *Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED.

*Fred L. Byrkit* and *O. Zimmerman* for appellants.

*Hugh B. Pankey* for respondent.

FARRINGTON, J.—The plaintiff recovered judgment in the trial court on its petition for $1958.54. Defendants recovered judgment on their counterclaim in the sum of $300, and defendants appealed alleging that error was committed as to the introduction of certain testimony, and especially complained because of the denial of the trial court to permit defendants to open and close the argument to the jury.

We think the court erred in denying the defendants the right to open and close the argument and will reverse the case on that account. With reference to the testimony complained of, on a retrial the evidence as to the condition of other houses in the same locality defendants' house was located, should be confined to those con- structed within about the same period of time and of about the same character of material, and not take a range over a great period of years and different conditions. Any error committed in this respect will doubtless be corrected on a retrial.

Attending now to the right of defendants to open and close the argument. This suit was brought by the plaintiff to recover about $1900 as a balance due for material furnished to defendants to construct a house. The defendants answered by a general denial, coupled with the counterclaim setting up that the material furnished by plaintiff was defective and of inferior quality, by reason of which defendants were put to great damage, stated in the counterclaim to be $2205.

The pleadings, of course, place the laboring oar on the plaintiff as the defendants filed a general denial. The plaintiff, therefore, placed witnesses on the stand who testified as to the correctness of its account. A long cross-examination took place which dealt only with the quality of the material furnished. Defendants then put in testimony on the counterclaim, and a long record is presented to us which discloses that the whole battle in the trial court centered around the issue raised in the counterclaim. We will state that there is evidence to sustain the finding of $300 on the counterclaim, yet were

a judgment rendered for as much as $1000 we could not say that there was not sufficient evidence to justify it. As the question we are dealing with is one of discretion, it may not be out of place at this time to say that the evidence, to our minds, preponderates in favor of defendants on the character of material furnished, and as we view the damages sustained by defendants, we think that the evidence warrants a greater finding in their favor than the amount allowed by the jury.

When the testimony was all closed the plaintiff's attorney asked an instruction which directed the jury to find for the plaintiff in the full sum sued for. The trial court refused this instruction, and correctly refused it, because as the case at that time stood the general denial of defendants, although there was no testimony controverting the amount plaintiff was asking, would require that the court would refuse a peremptory instruction to find for the plaintiff. At this point the defendants' attorney made the following admission:

"Mr. Byrkit: Your honor, the attorney for plaintiff is entitled to judgment for the amount sued for, we admit the cause of action, and the burden of proof is on us, and we would like to have the opening and closing." (Plaintiff's attorney).

Then followed the following colloquy:

"Mr. Pankey: Not at this time."

"The Court: Well, if you ask that, and confess judgment on the account, is there any difference between the fact that you consent to it now and didn't at the beginning of the trial?"

"Mr. Pankey: I think there is; I tried the case as plaintiff and because they come and confess judgment now, that still doesn't relieve the situation a particle."

"Mr. Byrkit: The burden shifts from one side to the other and now it has shifted to us."

"The Court: Well, if I give that instruction, and I'll give them the opening and closing and you can except to the action of the court."

"MR. PANKEY: I withdraw that instruction."

"MR. BYRKIT: We except."

The court then gave an instruction asked by the plaintiff which required the jury to make certain findings which would entitle plaintiff to a judgment, every one of the findings having been admitted by defendants' attorney in the first quotation heretofore made by defendants' attorney.

We have set out this part of the record which clearly shows that attorneys for both parties were seeking to obtain the well-known advantage of closing the argument before the jury.

On reading this long record, consisting of many pages, we find that throughout the taking of the testimony the center of battle was the question of whether the defendants had been damaged by the material plaintiff had furnished, and the amount of such damage. It, therefore, was the only issue that the court and parties had in mind throughout this trial, and while the general denial kept the burden on plaintiff to make its case up to the close of the evidence, that burden was relieved when, after the evidence was in and before the case was presented to the jury, the defendants in open court admitted plaintiff's case as stated in its petition.

The rule is well settled by authorities cited by both sides of this case that in Missouri the party having the laboring oar, or affirmative side, is entitled to the opening and closing, but where the trial court has denied that right the judgment will not be reversed unless the appellate court feels that the discretion vested in the trial court was abused, and that the party denied the closing of the case had suffered by such denial. This is held in the following cases: Cape Girardeau & C. R. Co. v. Blochle, 234 Mo. 471, l. c. 484, 485, 137 S. W. 974; McDonald v. Redemeyer, 197 Mo. App. 630, 198 S. W. 483; McCormick Harvesting Mach. Co. v. Blair, 181 Mo. App. 593, 164 S. W. 656; Reichard v. Manhattan Life Ins. Co., 31 Mo. 520; Dorrell v. Sparks, 142 Mo. App. 460, 127 S. W. 103; Ferguson v. Rittman, 180 S. W. 1046.

As was said by Judge GRAY, in the case of Dorrell v. Sparks, supra, "A practicing lawyer of any experience recognizes the great value of the closing argument in a close case."

Feeling as we do, that the defendants recovered a smaller judgment against plaintiff on their counterclaim than the preponderance of the evidence justified, we are led to account for this situation by the action of the trial court in denying the defendants their well-recog- nized right of opening and closing on the real issue pre- sented in the case, and for that reason we reverse the judgment and remand the cause for a new trial. *Cox, P. J.*, and *Bradley, J.*, concur.