Kenton E. THOMPSON, Robert E. Thompson and Wanda Lynch, Coadministrators of the Estate of Winifred E. Thompson, Deceased, Plaintiffs-Appellants,

v.

Jasper K. DALBEY and Madge A. Dalbey, Defendants-Respondents.

No. 29656.

Missouri Court of Appeals, Western District.

Feb. 26, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1979.

Application to Transfer Denied May 17, 1979.

Jerold L. Drake, Grant City, for plaintiffs-appellants.

Scott Ross, Beavers & Ross, Maryville, for defendants-respondents.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge, Presiding.

Appeal from verdict and judgment for defendants in plaintiffs' action for damages from sale of an allegedly defective house. Appellants' contentions go to discretionary rulings in refusal of evidence proffered by plaintiffs. Affirmed.

The plaintiffs purchased the home from defendants on October 23, 1956. It was already built when plaintiffs looked at it. Plaintiffs moved in about November of 1956 and lived there until 1975. Kenton Thompson maintained the home very well. He extended the downspouts so water would run away from the house. The fill around the base of the house was loose; the soil was clay. Sometime after 1961 a small hairline crack appeared in the basement wall. He consulted the defendant, Mr. Dalbey, concerning this crack and was told to forget it. In the spring of 1970, all four basement walls began to crack and come in, breaking up the partitions in the basement. Plaintiff hired Melburn Archer to replace the damaged basement with poured concrete reinforced with steel. When plaintiffs purchased the home, the basement was made of concrete blocks reinforced with pilasters.

Plaintiffs' witness Mike Jones was a specialty contractor. He did foundation work and had been in the business for twelve years. He had looked at the house and found that the walls were buckling and the floor broken up. Mr. Jones proposed to install "rebar" down through the walls and to inject grout under pressure into the cavity area of the walls and saturate the inside of the wall. The estimated maximum cost was $6,000. Plaintiffs' house was not built in accordance with good construction standards. In 1972 none of the blocks were cracked and the problem was that the lateral support was not sufficient to withstand the pressure of the soil.

Plaintiffs' witness Don Turner was a civil engineer licensed in Iowa, Missouri, and Nebraska. He examined the house on December 10, 1976. He explained the term "safety factor" as used by engineers and stated that he used a safety factor of three to one, that the wall was not built in accordance with good engineering standards. An alternative method of design would be a poured concrete wall with reinforcing steel.

Defendant Jasper K. Dalbey was general manager of Dalbey Lumber Company, a corporation, and it was Dalbey Lumber Company that purchased the materials, paid for the labor and built the house that was sold to plaintiffs. Kenton Thompson never talked to him about the problems which gave rise to this lawsuit. However, about 1960, plaintiffs called defendants' attention to a two-foot long crack and small bulge. Defendant recommended the installation of a steel I–beam. He stated that although Dalbey Lumber Company bought the lot the title was taken in the name of defendants. Prior to purchasing the house, Mr. Thompson inspected it several times. Dalbey Lumber Company purchased the eight by sixteen blocks with which the house was built from a reputable dealer. Sand used was pure. The man who supervised the work was one of the prominent builders in the community, and the workers who performed the work were experienced block men. The basement was built by constructing a footing and then placing eleven rows of blocks thereon for the basement wall. Stiff number nine wire was used for horizontal reinforcing between the blocks, and pilasters were also used for reinforcing. Basements were customarily of this type of construction. Forms were not available and he had never heard of using grout to reinforce the walls. If plaintiff had used a steel beam and had filled the cracks with cement they would have held; the wall had no perpendicular reinforcing steel. Defendant Jasper K. Dalbey had the power to supervise the work.

Defendants' witness Andy Ettleman, a lumber dealer, contractor, and housebuilder who had been in business since 1953, "thought they were good" in reference to what constituted good building practice in Worth County in 1955 and whether this house was built in accordance with good building practices.

**682**

Defendants' witness Max Groom, a carpenter and contractor, testified that steel beams could have been put in to hold back the block wall.

Defendants' witness Karl Wolbert saw the plaintiffs' damaged basement. The best thing he could do would be to tear out the basement walls and start all over. The quality of the workmanship on the block wall was good, but as time goes on and rain runs down the roof and hits the dirt, it settles and there is no way a block wall can stand up against the pressures of water freezing and thawing and dirt shrinking and expanding. The witness specialized in concrete work, and used poured concrete only.

Plaintiffs submitted their case on strict liability.

For their "Points and Authorities" appellants charge the court erred (I) "in refusing to permit the plaintiffs' expert witness to testify as to what would be the design life of a home designed in accordance with good engineering standards"; and (II) in refusing to permit cross-examination of defendant Jasper K. Dalbey concerning advertisements and representations placed in the newspaper."

Rule 84.04(d) requires that "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder."

Appellants' points assert allegedly erroneous rulings without any statement "wherein and why" they are erroneous. They are thus abstract assertions of error which preserve nothing for appellate consideration, and the court has no obligation to seek the meaning of such abstract assertions by searching the transcript or brief. *Lee v. Rolla Speedway, Inc.,* 539 S.W.2d 627, 629 (Mo.App.1976).

Point I suggests an opinion sought on "design life of a home," which is patently irrelevant to plaintiffs' complaint of defective construction of a specific house. See *E. C. Robinson Lumber Co. v. Lansdell,* 215 Mo.App. 357, 253 S.W. 24 (1923).

Point II suggests exhibits sought as "representations," which are equally irrelevant to plaintiffs' theory of strict liability.

Judgment affirmed.

All concur.